Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| | | |
|---|---|---|
| CARLOS M. ARISTUD DELGADO<br><br>Demandante Recurrida<br><br>v.<br><br>DEPARTAMENTO DE HACIENDA Y OTROS<br><br>Demandada Peticionaria | TA2026CE00726 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.:<br>GM2026CV00057<br><br>Sobre:<br>*Mandamus* |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa,

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2026.

Comparece el Estado Libre Asociado de Puerto Rico (ELA), en representación del Departamento de Hacienda de Puerto Rico (Departamento de Hacienda) y del Departamento de Corrección y Rehabilitación de Puerto Rico (DCR) (en conjunto, parte peticionaria) mediante recurso de *certiorari*. Solicitan que revoquemos ciertos pronunciamientos judiciales emitidos por el Tribunal de Primera Instancia, Sala Superior de Guayama. Mediante dichos dictámenes, el Tribunal declaró No Ha Lugar una *Moción de Desestimación* y una *Moción de Reconsideración* presentada por la parte peticionaria. Por los fundamentos que expondremos, expedimos el auto de *certiorari* solicitado y revocamos los dictámenes recurridos.

En síntesis, sometida el 4 de diciembre de 2025 y recibida el 22 de enero de 2026, el Sr. Carlos M. Aristud Delgado (señor Aristud

Delgado o recurrido), quien se encuentra confinado en la Institución Guayama 296, presentó por demanda un escrito titulado "*Informativa*" contra la parte aquí peticionaria. Solicitó al foro recurrido su intervención para que ordenase al Departamento de Hacienda y al DCR el envío de $1,400.00, $1,200.00 y $600.00 a su cuenta comisaría, en concepto de una alegada ayuda Federal. Adujo que no cuenta con parientes que le pudiesen asistir con los referidos trámites. Asimismo, peticionó la investigación de la demora en el depósito de las aludidas cantidades de dinero.

Así las cosas, el 13 de abril de 2026, el ELA compareció sin someterse a la jurisdicción mediante una *Moción de Desestimación*. En resumen, arguyó que el foro recurrido no tenía jurisdicción sobre su persona, toda vez que el emplazamiento fue diligenciado de manera deficiente. Planteó, en la alternativa y sin renunciar al argumento sobre el emplazamiento, que procedía la desestimación del recurso de *Mandamus* puesto que no cumplía con los requisitos de forma para su presentación, a saber: 1) no estaba debidamente juramentado; 2) no se identificó el deber ministerial del DCR y el Departamento de Hacienda; y 3) tampoco hizo un requerimiento previo a dichas agencias, así como tampoco ha agotado el trámite administrativo para saber el estatus de sus pagos.

El 15 de abril de 2026, dicho Tribunal emitió una *Orden* en la que decretó No Ha Lugar la discutida moción dispositiva. El 30 de abril de 2026, la parte peticionaria presentó una *Moción de Reconsideración*, la cual fue declarada No Ha Lugar mediante *Orden* a esos efectos. El foro recurrido emitió las siguientes expresiones: "No Ha Lugar. El

demandante está confinado y es responsabilidad del Estado realizar el emplazamiento".[1]

En desacuerdo, los peticionarios presentaron el recurso de *certiorari* que nos ocupa, mediante el cual argumentaron que el foro recurrido erró al denegar la moción de desestimación, a pesar de carecer de jurisdicción para atender el recurso bajo la doctrina de jurisdicción primaria. También adujeron que incidió el foro recurrido al haber denegado la solicitud de desestimación, toda vez que el *Mandamus* era improcedente.

El 9 de junio de 2026, concedimos al recurrido un término de diez (10) días para presentar causa por la cual no debemos expedir el presente recurso de *certiorari*. Transcurrido el término sin la comparecencia del señor Aristud Delgado, resolvemos.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V, R. 52.1), como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025). Véase, también, *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera

---

[1] Véase, Caso Núm. GM2026CV00057, Entrada Núm. 19 de SUMAC-TPI.

Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank et al. v. ACBI et al.*, 200 DPR 724 (2018).

De acuerdo con el Art. 649 del Código de Enjuiciamiento Civil, actual *Ley de Recursos Extraordinarios*, 32 LPRA sec. 3421, el auto de *mandamus* es un recurso altamente privilegiado y discrecional que se expide para ordenar a cualquier persona natural, corporación o tribunal de inferior jerarquía que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones. Su expedición procede para hacer cumplir un deber ministerial claramente establecido por ley o que resulte del empleo, cargo o función pública. *Noriega v. Hernández Colón*, 135 DPR 406 (1994). Cabe señalar que un deber ministerial es un deber impuesto por la ley que no permite discreción en su ejercicio, sino que es obligatorio e imperativo. *Álvarez de Choudens v. Tribunal Superior*, 103 DPR 235 (1975). Asimismo, la Regla 54 de Procedimiento Civil establece que "[e]l auto de *mandamus*, tanto perentorio como alternativo, podrá obtenerse presentando una solicitud jurada al efecto". Reglas de Procedimiento Civil de 2009 (32 LPRA Ap. V, R. 54). Además, la Regla 55 (D) de nuestro Reglamento exige incluir, como parte del apéndice del recurso de *mandamus*, "[c]ualquier documento que se deba traer a la atención del Tribunal de Apelaciones en esta etapa del procedimiento". Regla 55 (D) del Reglamento del Tribunal de Apelaciones, *supra*.

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción

para asumirla si no la poseen. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012).

Luego de evaluado el expediente ante nuestra consideración, resolvemos que le asiste la razón a la parte peticionaria, en cuanto a que el recurso instado por el recurrido es evidentemente uno de *Mandamus*, a pesar de lo cual no cumple con los requisitos de forma que le compete. Aunque su escrito no se titula como tal, cabe destacar que el nombre no hace la cosa. *Meléndez Ortiz v. Valdejully*, 120 DPR 1 (1987). Ciertamente, el recurrido solicitó que se ordenase a la parte peticionaria el cumplimiento o ejecución de un acto que forma parte de sus deberes. Sin embargo, el mismo no estaba debidamente juramentado, no identificó apropiadamente las bases del deber ministerial atribuido al DCR y al Departamento de Hacienda, ni realizó un requerimiento de ejecución previo a dichas agencias.

Por tanto, resulta forzoso concluir que el Tribunal de Primera Instancia carece de jurisdicción para atender el recurso en cuestión por el incumplimiento con los requisitos de forma de un *Mandamus*. En ese sentido, ciertamente procedía la desestimación del recurso. En cualquier caso, el señor Aristud Delgado puede solicitar remedio a su interés a través del proceso administrativo del Departamento de Corrección y Rehabilitación. Por los fundamentos antes expuestos, los

cuales hacemos formar parte integral del presente dictamen, expedimos el auto de *certiorari* solicitado, revocamos los pronunciamientos judiciales recurridos y ordenamos la desestimación del recurso ante el Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones